UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUSTIN CASEQUIN, ANTONIO M.
VEGA, JASON EARL CANDLISH,
CHRISTOPHER J. COMER, AARON
GODWIN, TYLER SVEDBERG,
CHRISTOPHER WHITE, NICHOLAS
CARNAGEY, DAVID SCHMENK, RYAN
GODWIN, THANHSON SEAN, CRAIG
FENN, CAMERON HARRIS, RYAN
BELKNAP, ANTHONY JAMES
CADOTTE, DARRANS MARGENS
DESIRE, DAVID ANDREW ROBERTS,
MIKE BOGENRIEF, GARRY DEDICK,
ANDRE CALIXTO, ERIC
FREDRICKSON, BRYAN RUSS,
ANDREW OLEYKOWSKI, DILLON
GREEN and JESSE L. PAUL,

    Plaintiffs,

v.                                   Case No: 2:18-cv-588-FtM-38MRM

CAT 5 CONTRACTING, INC. and
MATTHEW SPANTON,

    Defendants.
_____/

**ORDER**[1]

    Before the Court is Plaintiffs' Notice of Voluntary Dismissal with Prejudice. (Doc. 27). Plaintiffs seek to dismiss Counts 127 and 129 of their Amended Complaint. (Doc. 27). For the following reasons, Plaintiffs' Notice is ineffective.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Federal Rule of Civil Procedure 41(a)(1)(A) allows a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Although Rule 41 allows a plaintiff to dismiss an action, it does not allow a plaintiff to dismiss a portion of its action against a defendant. *Perry v. Schumacher Group of La.*, 891 F.3d 954, 958 (11th Cir. 2018). It is thus the wrong procedural mechanism to dismiss only part of an action against a defendant. Instead, a plaintiff may eliminate claims by amending the complaint. *See Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n.1 (11th Cir. 2010) (noting that a plaintiff may eliminate particular claims and issues under Federal Rule of Civil Procedure 15(a)).

Here, Plaintiffs seek to dismiss two claims amongst many. (Docs. 23; 27). Such a request under Rule 41 is improper and thus ineffective. If the Plaintiffs wish to eliminate claims, they may seek leave to do so under Federal Rule of Civil Procedure 15(a).

Accordingly, it is now

**ORDERED:**

Plaintiffs' Notice of Voluntary Dismissal with Prejudice (Doc. 27) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of January 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record