UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUSTIN CASEQUIN, ANTONIO M. VEGA,
JASON EARL CANDLISH, CHRISTOPHER
J. COMER, AARON GODWIN, TYLER
SVEDBERG, CHRISTOPHER WHITE,
NICHOLAS CARNAGEY, DAVID
SCHMENK, RYAN GODWIN, THANHSON
SEAN, CRAIG FENN, CAMERON HARRIS,
RYAN BELKNAP, ANTHONY JAMES
CADOTTE, DARRANS MARGENS DESIRE,
DAVID ANDREW ROBERTS, MIKE
BOGENRIEF, GARRY DEDICK, ANDRE
CALIXTO, ERIC FREDRICKSON, BRYAN
RUSS, ANDREW OLEYKOWSKI, DILLON
GREEN, and JESSE L. PAUL,

      Plaintiffs,

v.                                                              Case No. 2:18-cv-588-JLB-MRM

CAT 5 CONTRACTING, INC., and
MATTHEW SPANTON,

      Defendants.

_____

## **O R D E R**

Plaintiffs move to strike Exhibit G of Defendants' motion for summary

judgment.  (Doc. 119.).  Exhibit G is a letter from John Kenney, the CEO of Cotney

Consulting Group, to Defendants' counsel.  (Doc. 97-8.)  In the letter, Mr. Kenney

opines that, based on his experience in the roofing business, the industry standard

for paying out sales commissions is that: (a) commissions are not paid until the

roofing work is 100% complete, and (b) if an employee or independent contractor is

terminated, their entitlement to commissions likewise terminates on their last day

of employment.  (Id. at 2.)  Plaintiffs move to strike the letter because they contend it is a late-disclosed expert report.  (Doc. 119 at ¶ 11.)   Defendants concede that they disclosed Mr. Kenney after the Court's deadline, but they assert that their late disclosure was harmless under Federal Rule of Civil Procedure 37(c)(1).  (Doc. 121 at 4–5.)  Not to be outdone on the issue of timeliness, Defendants further argue that Plaintiffs' motion to strike is an untimely Daubert motion.  (Id. at 3.)  After careful review, the Court finds that the content of Mr. Kenney's letter more closely resembles lay opinion testimony under Federal Rule of Evidence 701, not expert testimony under Rule 702.  Accordingly, the Court declines to strike Exhibit G as a late-disclosed expert report, and Plaintiffs' motion is **DENIED**.  That said, if Mr. Kenney's trial testimony ventures beyond the boundaries of Rule 701, the Court may reconsider its position.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) "imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  Fed. R. Civ. P. 26, advisory committee's note to 1993 amendment.  The additional duty has much practical merit.  By definition, expert testimony is based on "scientific, technical, or other specialized knowledge."  Fed. R. Evid. 702(a).  Unpacking this testimony often requires a great deal of time and effort.  Rule 26(a)(2)'s disclosure requirements "prevent unfair surprise at trial" by directing disclosure of expert

testimony early enough for "the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial." <u>Minebea Co. v. Papst</u>, 231 F.R.D. 3, 5–6 (D.D.C. 2005) (citing <u>Coles v. Perry</u>, 217 F.R.D. 1, 4 (D.D.C. 2003)).  "The Rule also prevents experts from 'lying in wait' to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony.  <u>Id.</u> (citing <u>Keener v. United States</u>, 181 F.R.D. 639, 641 (D. Mont. 1998)).

Yet Rule 701 "does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences."  <u>United States v. Hill</u>, 643 F.3d 807, 841 (11th Cir. 2011).  Lay opinion testimony is limited to an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  The Eleventh Circuit has held that "business owners or officers" may provide lay testimony based on "particularized knowledge that the witness has by virtue of his or her position in the business."  <u>Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.</u>, 320 F.3d 1213, 1222 (11th Cir. 2003) (quoting Fed. R. Evid. 701, advisory committee's note to 2000 amendments).  This includes testimony about "industry standards."  <u>Id.</u> at 1218

The distinction between testimony under Rule 701 and 702 can sometimes be "critical" because "lay opinion testimony admissible under Rule 701 is not subject to

the gatekeeping requirements of <u>Daubert</u>, or to expert disclosure requirements under rules of court." <u>United States v. An Easement & Right-of-way Over 6.09 Acres of Land, More or Less, in Madison Cnty.</u>, 140 F. Supp. 3d 1218, 1241–42 (N.D. Ala. 2015) (citations omitted); <u>see also</u> <u>Expoships, LLLP v. Communicore, Inc.</u>, No. 08-22380-CIV, 2009 WL 1808065, at *1 (S.D. Fla. June 24, 2009).

"[T]he ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses." <u>United States v. Henderson</u>, 409 F.3d 1293, 1300 (11th Cir. 2005) (quoting <u>Asplundh Mfg. Div. v. Benton Harbor Eng'g</u>, 57 F.3d 1190, 1202 n.16 (3d Cir.1995)). "While lay witnesses may testify about their own immediate perceptions, testimony that blurs into supposition and extrapolation crosses the line into expertise." <u>Lebron v. Sec'y of Fla. Dep't of Child. & Fams.</u>, 772 F.3d 1352, 1372 (11th Cir. 2014). For example, "when a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony." <u>Williams v. Mast Biosurgery USA, Inc.</u>, 644 F.3d 1312, 1317–18 (11th Cir. 2011).

Here, the Court set a deadline of February 3, 2020 for disclosure of expert reports. (Doc. 51 at 2); <u>see also</u> Fed. R. Civ. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders."). Mr. Kenney's letter was disclosed by a supplemental interrogatory answer on February 12, nine days after the deadline. (Doc. 121-1.) Plaintiffs contend that Mr. Kenney's letter must be stricken because it contains late-disclosed expert testimony. Defendants counter that their late disclosure was harmless. After carefully

examining the content of Mr. Kenney's letter, the Court finds that both sides unduly assume that Mr. Kenney is offering expert testimony under Rule 702.  Mr. Kenney claims to have forty years in the roofing industry, spanning four different states, multiple companies, and various job titles.  (Doc. 97-8 at 2.)  Based on his personal experience and observations in the industry, Mr. Kenney will testify how payment of commissions is typically handled in the roofing business.  More specifically, he will testify that: (a) commissions are generally not paid until a job is 100% complete, and (b) employees who are terminated do not get paid commissions for jobs that are not completed by the last day of their employment.  (Id.)

The Court finds that this testimony, which is digestible to any layperson, does not constitute expert testimony under Rule 702.  Cf. Ins. Co. of the W. v. Island Dream Homes, Inc., 679 F.3d 1295, 1298 (11th Cir. 2012) ("ICW was required to present evidence on the standard of care in the roofing industry—either by expert testimony or by presenting testimony of roofing custom." (emphasis added)).

Mr. Kenney is not offering testimony about what a roofing company should do in a hypothetical situation, nor is he testifying about the professional ethics of withholding post-termination commissions in the roofing industry.  Cf. Am. Gen. Life Ins. Co. v. Schoenthal Fam., LLC, 248 F.R.D. 298, 305 (N.D. Ga. 2008) ("The Court finds that statements regarding general insurance industry practice, and particularly whether any insurance company would have issued the Schoenthal Policy if they had known Samuel Schoenthal's true financial condition, is [expert] opinion testimony." (emphasis added)), aff'd, 555 F.3d 1331 (11th Cir. 2009); Evans

v. Quintiles Transnational Corp., No. 4:13-cv-00987-RBH, 2015 WL 9455580, at *10 (D.S.C. Dec. 23, 2015) ("Because Goucher and Keeler were not disclosed as experts, they cannot offer opinions regarding whether Quintiles' handling of hotel commissions was ethical or proper within the industry." (emphasis added)).

And of course, he is not testifying about the standards of craftsmanship for building a sturdy roof.  Cf. Kalzip, Inc. v. TL Hill Const., LLC, No. 8:11-CV-01842-T-27, 2013 WL 1909604, at *7 (M.D. Fla. May 8, 2013) ("[T]he reasons for the mechanical failure of the roof are beyond the knowledge of a lay individual.").

The limits of Mr. Kenney's testimony appear to be his personal experience with how commissions are generally handled in the roofing business, i.e., whether it is customary to pay commissions to terminated salespeople for projects that are not 100% completed at the time of termination.  This testimony, as described by Mr. Kenney's letter, is permissible lay testimony under Rule 701.  Cf. Abed-Rabuh v. Hoobrajh, No. 3:17-cv-15, 2019 WL 4935384, at *3 (W.D. Pa. July 10, 2019) (allowing a lay witness to testify about lost earnings capacity for truck drivers based on his "significant personal knowledge of and experience in the trucking industry in the Portland, Oregon area," including "personal knowledge of the job market for truck drivers in the Portland area").  And, as explained earlier, testimony under Rule 701 is not subject to the disclosure requirements of Rule 26.  See 6.09 Acres of Land, 140 F. Supp. 3d at 1241–42; Expoships, LLLP, 2009 WL 1808065, at *1. Accordingly, the Court declines to strike Exhibit G to Defendants' motion for summary judgment.

That said, the Court cautions Defendants that Mr. Kenney's testimony could easily cross the line into expert testimony.  <u>Lebron</u>, 772 F.3d at 1372.  If it does, the Court is willing to revisit Plaintiffs' arguments to strike his testimony for Defendants' failure to timely disclose any expert opinion he seeks to offer during trial.  The Court also notes that Mr. Kenney is not the only layperson who has an opinion about industry standards in this case.  Plaintiffs also have experience in the roofing industry and seem to have a very different opinion about when commissions must be paid.  Whether Mr. Kenney's experience outweighs Plaintiffs' may well be a matter for trial.  But the Court is hard-pressed to strike Mr. Kenney's letter as an untimely disclosed expert opinion because, as explained, the Court does not find that his opinion meets the qualifications of expert testimony in the first instance.

CONCLUSION

For the above reasons, Plaintiffs' motion to strike Exhibit G (Doc. 119) to Defendants' motion for summary judgment (Doc. 97-8) is **DENIED**.

**ORDERED** in Fort Myers, Florida, on August 6, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE