UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUSTIN CASEQUIN, ANTONIO M. VEGA,
JASON EARL CANDLISH, CHRISTOPHER
J. COMER, AARON GODWIN, TYLER
SVEDBERG, CHRISTOPHER WHITE,
NICHOLAS CARNAGEY, DAVID
SCHMENK, RYAN GODWIN, THANHSON
SEAN, CRAIG FENN, CAMERON HARRIS,
RYAN BELKNAP, ANTHONY JAMES
CADOTTE, DARRANS MARGENS DESIRE,
DAVID ANDREW ROBERTS, MIKE
BOGENRIEF, GARRY DEDICK, ANDRE
CALIXTO, ERIC FREDRICKSON, BRYAN
RUSS, ANDREW OLEYKOWSKI, DILLON
GREEN, and JESSE L. PAUL,

      Plaintiffs,

v.                           Case No. 2:18-cv-588-JLB-MRM

CAT 5 CONTRACTING, INC., and
MATTHEW SPANTON,

      Defendants.

_____

## ORDER

      Plaintiffs move for clarification (Doc. 150) of the Court's order partially

granting Defendants' motion for summary judgment (Doc. 148).  Their main point of

confusion is whether the Court intended to enter summary judgment on their last

two retaliation claims, which are based on lawsuits that Defendant CAT 5

Contracting, Inc. ("CAT 5") filed against Plaintiffs in state court.  The Court

**GRANTS** Plaintiffs' motion to the extent that it clarifies its original intent to enter

summary judgment in Defendants' favor on all of Plaintiffs' retaliation clams.  To

the extent Plaintiffs' motion seeks any other relief—like reconsideration of the Court's summary judgment order—it is **DENIED**.

## LEGAL STANDARD

The Federal Rules of Civil Procedure contain no specific provision allowing for a "motion for clarification."  See United States v. Philip Morris USA Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011).  Nevertheless, "these motions are generally recognized and allowed by federal courts."  Barnes v. District of Columbia, 289 F.R.D. 1, 13 n.6 (D.D.C. 2012).  While some courts have analyzed motions for clarification under Rules 59(e) and 60(b), these rules are not always suited to the task because a motion for clarification merely asks a Court "to explain or clarify something ambiguous or vague," not to "alter or amend" a judgment.  Philip Morris USA Inc., 793 F. Supp. 2d at 168 (citation omitted).

At least two circuits have held that Rule 60(a), which allows for correction "from oversight or omission," may be used "to correct a failure to memorialize part of its decision," which is basically the question at issue here.  Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir. 2012) (citation omitted); see also Sartin v. McNair L. Firm PA, 756 F.3d 259, 266 (4th Cir. 2014).  Under this authority, Rule 60 may be used "for clarification and explanation . . . even in the absence of ambiguity, if necessary for enforcement."  Garamendi, 683 F.3d at 1080.  The Court is persuaded by these cases and will apply the standards used for Rule 60(a) to Plaintiffs' motion.

Rule 60(a) may be used "for the purpose of reflecting accurately a decision that the court actually made."  Weeks v. Jones, 100 F.3d 124, 129 (11th Cir. 1996) (per curiam) (quoting Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995)).  "A

district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." Id. (quoting Burton v. Johnson, 975 F.2d 690, 694 (10th Cir. 1992)).  Rather, the clarification must "more clearly reflect [the court's] contemporaneous intent." Burton, 975 F.2d at 694.

## DISCUSSION

Plaintiffs request clarification of the Court's summary judgment order as to their retaliation claims.  Specifically, they ask the Court to clarify whether it meant to enter summary judgment on "Counts 128 and 129." (Doc. 150 at 2.)  As Defendants note, the operative complaint only has 127 counts.  (Doc. 151 at 4.)  It seems Plaintiffs meant to ask about Counts 126 and 127, both of which seek relief for retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). These counts, which were disposed of in the Court's order (Doc. 148 at 30), are premised on two state-court lawsuits that CAT 5 commenced against some Plaintiffs after terminating them.  Plaintiffs contend these lawsuits were retaliation for protected activity—that is, for filing this lawsuit, which included a number of other FLSA retaliation claims based on an e-mail some Plaintiffs sent to CAT 5's management.  (Doc. 30, ¶¶ 1125–49.)  The e-mail expressed several longstanding grievances, including allegedly unpaid overtime.  (Doc. 148 at 24, n.10.)

The Court intended to dispose of Counts 126 and 127, just as it disposed of all the other retaliation counts.  First, as the Court explained in its order, Plaintiffs failed to make a prima facie case for retaliation for the vast majority of their retaliation claims because they could not establish a temporal link between their

protected activity and any adverse actions taken by Defendants.  (Doc. 148 at 24–26).  This is primarily because the process of locking Plaintiffs out of their office—the first alleged sign of retaliation—began before Plaintiffs e-mailed their list of grievances to CAT 5.  (Id. at 24–25.)  And while Plaintiffs alleged that their grievances were not "new," none of their prior complaints seem to have been met with any adverse consequences.  (Id. at 25–26.)

Second, even if Plaintiffs had made a prima facie case solely for Counts 126 and 127,[1] they failed to show that Defendants' legitimate non-retaliatory reasons for their actions—protecting trade secrets and preventing threats from competitors—were pretextual.  As the Court's order explained, Plaintiffs had to meet Defendants' reasons "head on" and rebut them, not quarrel with the wisdom of those reasons.  Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000).  Moreover, "[t]he inquiry into pretext centers on the employer's beliefs, not the employee's beliefs and . . . not on reality as it exists outside of the decision maker's head."  Alvarez v. Royal Atl. Devs., Inc., 610 F.3d 1253, 1266 (11th Cir. 2010).  Plaintiffs' arguments on pretext revolved around the legal interpretation of the underlying oral employment contract.  (Doc. 148 at 28.)  Whether or not Plaintiffs'

---

[1] Plaintiffs made little effort in their briefing to distinguish the instant lawsuit as a protected activity separate from their prior grievances.  (Doc. 128 at 24.)  Theoretically, a complaint about retaliation for some protected activity may be a protected activity itself if the antecedent activity was also protected.  Brown v. Bd. of Trs., No. 16-CV-80251, 2016 WL 6236320, at *11 (S.D. Fla. Oct. 24, 2016) (citing Shah v. Clark Atlanta Univ., Inc., No. CIV.A.1:97-CV3786CAM, 1999 WL 1042979, at *14 (N.D. Ga. July 20, 1999)).  Plaintiffs' antecedent retaliation claims ultimately failed, but not because their underlying grievances were unprotected activity—there was simply no temporal connection.

legal argument is correct, there is no evidence suggesting that Defendants' narrower interpretation of the contract was a cover for retaliation.  (Id. at 28–29.)

Plaintiffs note that the Court's order describes CAT 5's state court lawsuits as "pending."  (Doc. 148 at 9.)  According to Plaintiffs, this characterization is misleading because the lawsuits have been voluntarily dismissed—only collateral issues regarding sanctions remain to be resolved.  (Doc. 150 at 3.)  While the Court's use of the word "pending" may have been imprecise, this imprecision ultimately has no impact on the Court's ruling.  At bottom, Plaintiffs failed to show that the lawsuits were pretextual.  The voluntary dismissal of the lawsuits does not, by itself, show pretext—especially considering that some of Defendants' concerns about Plaintiffs working for competitors were ultimately justified.  (Doc. 148 at 8.)

### Conclusion

For the reasons above, it is **ORDERED**:

1.     Plaintiffs' motion for clarification is **GRANTED** to the extent that the Court clarifies the intent of its summary judgment order as previously discussed.

2.     To the extent Plaintiffs' motion seeks any other relief, it is **DENIED**.

**ORDERED** in Fort Myers, Florida, on October 12, 2021.

JOHN L. BADALAMENTI
United States District Judge