```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JUSTIN CASEQUIN, ANTONIO M.
VEGA, JASON EARL CANDLISH,
CHRISTOPHER J. COMER, AARON
GODWIN, TYLER SVEDBERG,
CHRISTOPHER WHITE, NICHOLAS
CARNAGEY, DAVID SCHMENK,
RYAN GODWIN, THANHSON SEAN,
CRAIG FENN, CAMERON HARRIS,
RYAN BELKNAP, ANTHONY JAMES
CADOTTE, DARRANS MARGENS
DESIRE, DAVID ANDREW
ROBERTS, MIKE BOGENRIEF
GARRY DEDICK, ANDREW
CALIXTO, ERIC FREDRICKSON,
BRYAN RUSS, ANDREW
OLEYKOWSKI, DILLON GREEN,
and JESSE L. PAUL,

      Plaintiffs,

v.                                      Case No:  2:18-cv-588-JES-MRM

CAT 5 CONTRACTING, INC., a
Florida Corporation, and
MATTHEW SPANTON,
individually, jointly and
severally,

      Defendants.

_____

## OPINION AND ORDER

This case comes before the Court on Defendant Cat 5 Contracting, Inc.'s (Cat 5) Motion to Dismiss and Incorporated Memorandum of Law (Doc. #157) filed on January 14, 2022. Plaintiffs collectively filed a Response (Doc. #183) on February

1

2, 2022. In short, Cat 5 requests that the Court decline to exercise supplemental jurisdiction and dismiss Plaintiffs' remaining claims, all state law claims, without prejudice. For the reasons set forth, the motion is **DENIED**.

**I.**

The Court previously discussed the facts of this case when granting in part and denying in part defendants' motion for summary judgment. Casequin v. CAT 5 Contracting, Inc., No. 2:18-CV-588-JLB-MRM, 2021 WL 3471627, at *1 (M.D. Fla. Aug. 6, 2021), clarified on denial of reconsideration, 2021 WL 4748727 (M.D. Fla. Oct. 12, 2021) (Badalamenti, J.). Without repeating those facts, a summary of certain procedural background is helpful.

Plaintiffs filed their first Complaint on August 31, 2018. (Doc. #1.) Plaintiffs' operative Second Amended Complaint was filed on February 4, 2019, asserting 127 counts of both federal and state law claims. (Doc. #30.) Defendants answered on February 19, 2019. (Doc. #35.) Over the next two-and-a-half years, the parties engaged in substantial discovery, which required several court interventions (e.g., Docs. ## 77, 105, 139-141) and seven amendments to the Case Management and Scheduling Order (Doc. #144). Discovery was ultimately completed in or around October 2021.[1]

---

[1] The Court's Order granting in part and denying in part defendants' motion for summary judgment explained certain discovery still outstanding on August 6, 2021. (Doc. #148, p. 11-13.) At a November 18, 2021 status conference, plaintiffs represented that

On August 6, 2021, the Court granted in part and denied in part defendants' motion for summary judgment. (Doc. #148.) In that Order, the Court dismissed all of plaintiffs' federal claims. (Id. p. 30.) The Court denied the motion as to plaintiffs' breach of contract and unjust enrichment claims, leaving only state law claims remaining.[2] (Id.)

On September 1, 2021, plaintiffs moved for clarification of the Court's summary judgment order (Doc. #150), which was opposed by defendants (Doc. #151). On October 12, 2021, the Court clarified its prior order. (Doc. #152.) Plaintiffs' federal claims remained dismissed, plaintiffs' state law claims remained pending, and the Court continued to exercise jurisdiction over the pending state law claims. (Id.)

On November 18, 2021, the Court held a status conference with the parties. (Docs. ## 155; 184.) On January 14, 2022, Cat 5 filed the currently pending motion to dismiss, which requests that the Court decline to exercise supplemental jurisdiction and dismiss plaintiffs' remaining claims without prejudice. (Doc. #157.)[3] A bench trial is now set for May 9, 2022. (Doc. #180.)

---

the outstanding discovery was completed in or around October 2021. (Doc. #184, p. 5.)

[2] The state law claims are brought against Cat 5 only.

[3] On January 19, 2022, the case was reassigned to the undersigned. (Doc. #160.)

## II.

### A.

Pursuant to 28 U.S.C. § 1367(a), a district court properly exercises jurisdiction over supplemental claims outside the court's original jurisdiction (e.g., state law claims) when those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); Ameritox, Ltd. v. Millennium Lab'ys, Inc., 803 F.3d 518, 532 (11th Cir. 2015). A district court may, however, in its discretion, decline jurisdiction over a supplemental claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

"Once any of these factors is satisfied, the district court possesses the discretion to dismiss supplemental claims and must 'weigh...at every stage of the litigation,' whether to dismiss the supplemental claims." Ameritox, 803 F.3d at 532 (citing City of

Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)). When considering whether to dismiss supplemental claims, a district court weighs multiple factors, including "judicial economy, convenience, fairness, and comity." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

**B.**

There is no dispute that § 1367(c)(3) is now satisfied because all federal claims have been dismissed. Thus, the Court must consider whether, at this stage in the litigation, "judicial economy, convenience, fairness, and comity" support dismissing the supplemental claims. Gibbs, 383 U.S. at 726. Weighing these factors, the Court, in its discretion, will continue to exercise jurisdiction over plaintiffs' state law claims.

The parties have litigated this case in the federal forum for over three years and completed extensive discovery, including 20 depositions and multiple instances of court intervention. Because of the amount of time and effort expended by the parties and the Court in getting this case in a trial posture in the federal forum, judicial economy considerations weigh heavily against dismissal. E.g., Pilkington v. United Airlines, Inc., 921 F. Supp. 740, 747 (M.D. Fla. 1996), aff'd sub nom., 112 F.3d 1532 (11th Cir. 1997); Millennium Funding, Inc. v. 1701 MANAGEMENT LLC, No. 21-CV-20862, 2021 WL 5882999, at *15 (S.D. Fla. Dec. 13, 2021).

The timing of Cat 5's request also favors continuing to exercise jurisdiction because it would be inconvenient and unfair to the parties to begin a new litigation in a new forum. This case has been pending since August 31, 2018 and trial is three months away.[4] Cat 5 waited until five months after the Court's summary judgment order to first raise this issue.[5] Although a party may challenge subject-matter jurisdiction at any time, Cat 5's delay weighs in favor of retaining jurisdiction. E.g., Casey v. City of Miami Beach, 805 F. Supp. 2d 1361, 1362 (S.D. Fla. 2011) (denying remand where the court was "already familiar with this case" and had "issued a substantive ruling on the motion to dismiss," where discovery had closed, and where the case was "on the eve of trial"); Wise v. City of Lauderhill, No. 15-60686-CIV, 2016 WL 3747605, at *3 (S.D. Fla. July 13, 2016) (same).

Comity often favors declining supplemental jurisdiction, particularly when state law claims require "the resolution of a novel or complex question of state law." Ameritox, 803 F.3d at 540 (quotation omitted). However, Cat 5 does not argue that any novel or complex question of Florida law are presented by the remaining claims. Plaintiffs' remaining claims are relatively

---

[4] When Cat 5 filed its motion, trial was five weeks away. (See Docs. ## 155, 163.) At the final pretrial conference, trial was continued to accommodate the parties' schedules. (Doc. #180.)

[5] Cat 5 did not raise any jurisdictional issues at the November 18, 2021 status conference with the Court. (Docs. ## 155, 184.)

6

straight forward breach of contract, or alternative unjust enrichment, claims. E.g., West v. City of Albany, Georgia, 830 F. App'x 588, 597 (11th Cir. 2020) (no abuse of discretion when district court retained jurisdiction over five-year old claims concerning "relatively simple question of state law"); Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743-44 (11th Cir. 2006) (recognizing that state tort claims generally are not considered novel or complex). Thus, the Gibbs factors support continuing to exercise jurisdiction, and the Court, in its discretion, will retain jurisdiction over the supplemental claims.

Accordingly, it is so

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #157) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of February, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

7