UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUSTIN CASEQUIN, ANTONIO M.
VEGA, JASON EARL CANDLISH,
CHRISTOPHER J. COMER, AARON
GODWIN, TYLER SVEDBERG,
CHRISTOPHER WHITE, NICHOLAS
CARNAGEY, DAVID SCHMENK,
RYAN GODWIN, THANHSON SEAN,
CRAIG FENN, CAMERON HARRIS,
RYAN BELKNAP, ANTHONY JAMES
CADOTTE, DARRANS MARGENS
DESIRE, DAVID ANDREW
ROBERTS, MIKE BOGENRIEF
GARRY DEDICK, ANDREW
CALIXTO, ERIC FREDRICKSON,
BRYAN RUSS, ANDREW
OLEYKOWSKI, DILLON GREEN,
and JESSE L. PAUL,

            Plaintiffs,

v.                                Case No:  2:18-cv-588-JES-MRM

CAT 5 CONTRACTING, INC., a
Florida Corporation, and
MATTHEW SPANTON,
individually, jointly and
severally,

            Defendants.

_____


**OPINION AND ORDER**

     This case comes before the Court on review of Plaintiffs'

Motion in Limine to Exclude or Strike Cumulative Lay Testimony of

John Kenney (Doc. #172) filed on January 25, 2022.  Defendant Cat

5 filed a Response (Doc. #186) on February 7, 2022.  For the reasons set forth, the motion is **denied without prejudice**.[1]

### I.

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).  "The purpose of a motion in limine is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury."  Singh v. Caribbean Airlines Ltd., No. 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014) (citations omitted).

However, "[t]he rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence."  Id. (citations omitted).  "When an action proceeds as a bench trial, the pretrial consideration of such motions 'weighs heavily in favor of denying the motions in limine and addressing the issues if and when they come up at trial.'"  Perez v. United States, No. 8:20-CV-769-SPF, 2021 WL 3371498, at

---

[1] The Court construes plaintiffs' motion as timely.  The Seventh Amended Case Management and Scheduling Order set a January 7, 2022 deadline for motions in limine.  (Doc. #144.)  The case, however, was stayed on August 6, 2021, albeit for the limited purposes of completing discovery and mediation.  (Doc. #148, p. 30.)  The stay was lifted on January 19, 2022 (Doc. #162), after which plaintiffs filed this motion.

*2 (M.D. Fla. Aug. 3, 2021) (quoting Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009)).  "Indeed, the more prudent course of action in a bench trial is often to resolve evidentiary doubts in favor of admissibility."  Id. (citing Singh, 2014 WL 4101544, at *1).

## II.

Plaintiffs' remaining breach of contract and unjust enrichment claims concern whether plaintiffs are owed commission payouts for certain roofing sales and services provided by plaintiffs to defendant Cat 5.  A bench trial on plaintiffs' claims is set for May 9, 2022.  Plaintiffs seek to exclude (Doc. #172) the testimony of John Kenney (Kenney), CEO of Cotney Consulting Group, who was retained by defendants to provide testimony about roofing industry standards for commission payouts (Doc. #121-1).

During the summary judgment stage, Plaintiffs moved to strike Kenney's report (Doc. #97-8), written as a letter to defense counsel, as an untimely disclosed expert.  (Doc. #119.)  The Court denied the motion to strike Kenney's report as an exhibit to defendants' motion for summary judgment.  Casequin v. CAT 5 Contracting, Inc., No. 2:18-CV-588-JLB-MRM, 2021 WL 3471625 (M.D. Fla. Aug. 6, 2021) (Badalamenti, J.)  The Court determined that Kenney's letter was lay opinion testimony because it was based on his personal experiences in the roofing industry, thus, not subject to expert disclosure deadlines.  Id. at *3.  The Court, however,

3

indicated it was "willing to revisit Plaintiffs' arguments to strike [Kenney's] testimony for Defendants' failure to timely disclose any expert opinion" at trial, if Kenney's testimony proved to be expert testimony. Id.

Plaintiffs now seek to exclude Kenney's testimony as cumulative and prejudicial.[2] At this time, because the case is proceeding to a bench trial, the Court finds that the most prudent course is to deny plaintiffs' motion without prejudice. The Court will consider any objections to Kenney's testimony, including untimely disclosed expert opinion, at the bench trial. See Metro. Life Ins. Co. v. Liebowitz, No. 2:20-CV-276-JES-MRM, 2021 WL 4244210, at *3 (M.D. Fla. Sept. 17, 2021) (citations omitted) (discussing how a judge need not necessarily conduct a Daubert hearing or strike testimony prior to a bench trial because the judge may make final admissibility and weight determinations after receiving the testimony).

---

[2] Plaintiffs' entire motion consists of block-quotes of the Court's prior discussions about Kenney's testimony. (Doc. #172.) To the extent plaintiffs are seeking reconsideration of the prior order, that request is denied because plaintiffs have not carried their burden of showing one of the three major grounds justifying reconsideration. E.g., S.Y. v. Marriott Int'l, Inc., No. 2:20-CV-627-JES-MRM, 2022 WL 111227, at *2 (M.D. Fla. Jan. 12, 2022).

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion in Limine (Doc. #172) is **denied without prejudice.**

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of February, 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record