UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUSTIN CASEQUIN, ANTONIO M.
VEGA, JASON EARL CANDLISH,
CHRISTOPHER J. COMER, AARON
GODWIN, TYLER SVEDBERG,
CHRISTOPHER WHITE, NICHOLAS
CARNAGEY, DAVID SCHMENK, RYAN
GODWIN, THANHSON SEAN, CRAIG
FENN, CAMERON HARRIS, RYAN
BELKNAP, ANTHONY JAMES
CADOTTE, DARRANS MARGENS
DESIRE, DAVID ANDREW ROBERTS,
MIKE BOGENRIEF
GARRY DEDICK, ANDREW CALIXTO,
ERIC FREDRICKSON, BRYAN RUSS,
ANDREW OLEYKOWSKI, DILLON
GREEN, and JESSE L. PAUL,

  Plaintiffs,

v.         Case No:   2:18-cv-588-JES-MRM

CAT 5 CONTRACTING, INC., a
Florida Corporation, and
MATTHEW SPANTON,
individually, jointly and
severally,

  Defendants.
_____

**OPINION AND ORDER**

  This case comes before the Court on review of the Motion to Withdraw as counsel (Doc. #178) filed by Monica Tirado, Alejandro Tirado-Luciano, Samuel B. Reiner II, and David P. Reiner, and their respective law firms (collectively, Counsel).  Counsel moves to withdraw as attorneys for three out of the 25 plaintiffs in this

1

matter, Justin Casequin,[1] Ryan Belknap, and Thanhson Sean. Counsel also filed a Motion for Leave to Impose Charging Lien (Doc. #179) for services provided to Casequin, Belknap, and Sean. Defendant Cat 5 Contracting, Inc. (Cat 5)[2] filed Responses (Docs. ## 178, 179) to both motions. For the reasons set forth, both motions are **denied without prejudice**.

**I.**

**A.**

Pursuant to Middle District of Florida Local Rule 2.02(c), a lawyer must obtain leave of court to withdraw as counsel in an action. To withdraw, the lawyer:

> (A) must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal, and
>
> (B) must file a motion to withdraw that includes:
>
> (i) a certification that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal and
>
> (ii) if withdrawal will result in a person proceeding pro se, the person's mailing address, email address, and telephone number.

---

[1] Counsel moves to withdraw from representation of and impose a charging lien against "Jason Casequin." There is no plaintiff named "Jason Casequin." The Court presumes that Counsel meant the first-named plaintiff in the case, Justin Casequin.

[2] Cat 5 is the only remaining defendant in this case.

2

Local Rule 2.02(c)(1). Lawyers practicing before the Middle District are also required to comply with the rules of The Florida Bar. Local Rule 2.01(b)(2)(C).

Rule 4-1.16 of the Rules Regulating the Florida Bar governs attorney withdrawal. Rule 4-1.16(a) describes when an attorney must withdraw, which includes when the client discharges the lawyer.[3] Rule 4-1.16(b) describes when an attorney may withdraw:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
>
> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (5) other good cause for withdrawal exists.

---

[3] In Counsel's Motion for Leave to Impose Charging Lien, Counsel mentions that Casequin, Belknap, and Sean terminated Counsel. (Doc. #179, ¶ 2.) Counsel, however, does not state that they were terminated in the Motion to Withdraw, nor is there any evidence presented to the Court that Counsel was, in fact, terminated.

**B.**

Counsel moves to withdraw as attorneys for Casequin, Belknap, and Sean due to "irreconcilable differences." (Doc. #178, ¶ 1.) Counsel states, without any certification or evidence, that Casequin, Belknap, and Sean consent to withdrawal. (Id. ¶ 2.) Counsel also represented to the Court—upon inquiry at the final pretrial conference whether the three plaintiffs understood that if Counsel withdrew, they would be left to proceed pro se at trial—that Counsel believed the three plaintiffs would not proceed pro se, but dismiss their claims after Counsel withdrew.

Counsel has not demonstrated, pursuant to the Local Rules[4] and Rules Regulating the Florida Bar, that Counsel should be permitted to withdraw at this time. Trial is less than three months away. Apart from Counsel's representation, the Court is provided with no evidence that Casequin, Belknap, and Sean consent to a withdrawal. And, perhaps more importantly, the Court is provided with no assurance that Counsel has informed the three plaintiffs that they will be required to proceed pro se at trial or find new representation (if they do not dismiss their claims), and that the Court does not intend to continue the trial or sever plaintiffs from

---

[4] Counsel also failed to provide Casequin, Belknap, or Sean's email addresses, as required by Local Rule 2.02(c)(1)(b)(ii).

it whether they are pro se or retain new counsel. Accordingly, the Motion to Withdraw is **denied without prejudice**.[5]

## II.

### A.

Florida law governs the validity of a charging lien. In re Beverly Mfg. Corp., 841 F.2d 365, 368 (11th Cir. 1988). A charging lien "is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." Buckley Towers Condo., Inc. v. Katzman Garfinkel Rosenbaum, LLP, 519 F. App'x 657, 660-61 (11th Cir. 2013) (quoting Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So. 2d 1383, 1384 (Fla. 1983)). "A charging lien requires four elements: first, a valid contract, express or implied, between the attorney and client; second, an understanding between the parties that payment is dependent upon recovery or that payment will come from the recovery; third, the client's attempt to avoid payment of the fees or a dispute as to the amount involved; and fourth, timely notice of the lien." Aldar Tobacco Grp., LLC v. Am. Cigarette Co., 577 F. App'x 903, 906 (11th Cir. 2014) (citing Sinclair, 428 So. 2d at 1385). See also Rameshwar v. Minnesota Life Ins. Co., No. 618CV1597ORL37LRH, 2020 WL 6037128, at *7 (M.D. Fla. June 24, 2020), report and recommendation adopted, No.

---

[5] Cat 5's alternative request to permit withdrawal and dismiss Casequin, Belknap, and Sean's claims, unless they notice new counsel or intent to proceed pro se within 30 days, is denied.

618CV1597ORL37LRH, 2020 WL 4251662 (M.D. Fla. July 24, 2020) ("If the attorney was terminated as counsel of record prior to the settlement of the case, the attorney must also establish his legal right to recover under the contingency fee arrangement.").

**B.**

In the Motion for Leave to Impose Charging Lien, Counsel requests that the Court "enter an Order imposing a charging lien upon any recovery by Plaintiffs in this case." (Doc. #179, p. 3.) Counsel argues that they are entitled to a charging lien because Casequin, Belknap, and Sean terminated Counsel's representation in order to settle with Cat 5 without paying attorney fees. Counsel, however, provides absolutely no evidence to support a Court ordered charging lien. The motion is **denied without prejudice**.

Accordingly, it is now

**ORDERED:**

The Motion to Withdraw (Doc. #178) is **denied without prejudice**. The Motion for Leave to Impose Charging Lien (Doc. #179) is **denied without prejudice**.

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of February, 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

6