```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JUSTIN CASEQUIN, ANTONIO M.
VEGA, JASON EARL CANDLISH,
CHRISTOPHER J. COMER, AARON
GODWIN, TYLER SVEDBERG,
CHRISTOPHER WHITE, NICHOLAS
CARNAGEY, DAVID SCHMENK,
RYAN GODWIN, THANHSON SEAN,
CRAIG FENN, CAMERON HARRIS,
RYAN BELKNAP, ANTHONY JAMES
CADOTTE, DARRANS MARGENS
DESIRE, DAVID ANDREW
ROBERTS, MIKE BOGENRIEF
GARRY DEDICK, ANDREW
CALIXTO, ERIC FREDRICKSON,
BRYAN RUSS, ANDREW
OLEYKOWSKI, DILLON GREEN,
and JESSE L. PAUL,

     Plaintiffs,

v.                         Case No:  2:18-cv-588-JES-MRM

CAT 5 CONTRACTING, INC., a
Florida Corporation,

     Defendant.

_____

## OPINION AND ORDER

This case comes before the Court the following requests: (1) Plaintiffs' Motion to Conduct Trial Remotely by Zoom, or, Alternatively, to Present Testimony Remotely (Doc. #192); and Plaintiffs' Motion for Use of Representative Testimony at Trial (Doc. #194). The time for Defendant's responses has not yet expired. However, given the timing of Plaintiffs' requests and

the bench trial currently set for May 9, 2022, the Court considers the requests as opposed but without awaiting a response.

## I.

Plaintiffs make three requests in their first motion (Doc. #192): (1) to conduct the entire bench trial remotely; (2) to allow Attorney Samuel B. Reiner, II to appear remotely; or (3) to allow witnesses to appear remotely. The Court takes each in turn.

### 1. Plaintiffs' request to conduct the entire bench trial remotely is denied.

Federal Rule of Civil Procedure 77 provides: "Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom." Courts, particularly since the COVID-19 pandemic, have construed this rule to mean that a trial must be conducted in a manner for public access, but a trial may, in the Court's discretion, be conducted in a non-traditional way, such as virtually. See, e.g., Bao Xuyen Le v. Reverend Dr. Martin Luther King, Jr. Cty., 524 F. Supp. 3d 1113, 1115 (W.D. Wash. 2021) (collecting cases). The discretion to hold a trial in a non-traditional manner is bolstered by Federal Rule of Civil Procedure 43, which permits testimony by contemporaneous transmission for good cause in compelling circumstances, and the court's "wide latitude in determining the manner in which evidence is to be presented under the Federal Rules of Evidence." Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm., 470 F. Supp. 3d 735,

2

738 (E.D. Mich. 2020) (citations omitted) (permitting remote bench trial because courthouse closed and allowing trial via videoconference was justified by compelling circumstances).

In this case, the Court finds that trial can be conducted "in a regular courtroom." Fed. R. Civ. P. 77(b). The courthouse for the Fort Myers Division for the Middle District of Florida is open and conducting both bench and jury trials. Conducting the trial in a regular courtroom will allow the greatest public access. Accordingly, the Court, in its discretion, denies plaintiffs' request to conduct the entire trial remotely.

> **2. Plaintiffs' request for Attorney Samuel B. Reiner to appear remotely is granted.**

The Court will allow Attorney Reiner to appear at the trial remotely, either through videoconference or teleconference. E.g., Fed. R. Civ. P. 43. As stated in the motion, Mr. Reiner is undergoing cancer treatment, making him a "high-risk" individual for COVID-19. And, given this case is proceeding by bench trial, the Court finds that defendant will face minimal prejudice by allowing Attorney Reiner to participate remotely.

Attorney Reiner will be responsible for making all necessary technical arrangements with the courtroom deputy for his remote appearance. The Court also notes that there are four other attorneys identified as counsel for plaintiffs. Plaintiffs, and their counsel, are cautioned that no part of the trial will be

3

delayed by Attorney Reiner's remote appearance or any technical difficulties of the remote appearance.

### 3. Plaintiffs' request to allow witnesses to appear remotely is denied without prejudice.

"At trial, the witnesses' testimony must be taken in open court." Fed. R. Civ. P. 43(a); see also id. at advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten."). However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Id.

"The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Id. at advisory committee's note to 1996 amendment. Remote testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Id. "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." Id. A party seeking remote testimony should give notice "as soon as the reasons are known." Id.

Plaintiffs do not state which witnesses they seek to appear remotely or why the witnesses need to appear remotely. Instead, plaintiffs are asking for a blanket rule that would allow them to present remote testimony. This request fails to show good cause in compelling circumstances. Plaintiffs' request is denied without prejudice. Plaintiffs may renew a request for a specific witness to provide testimony by contemporaneous transmission, provided plaintiffs can demonstrate good cause in compelling circumstance for each specific witness.[1] Plaintiffs are reminded to confer with defendant before filing any such request. Local Rule 3.01(g).

---

[1] E.g., Ballesteros v. Wal-Mart Stores E., LP, No. 2:19-CV-881-SPC-NPM, 2021 WL 2917553, at *1 (M.D. Fla. July 12, 2021) (travel and work obligations do not satisfy rule); Novello v. Progressive Express Ins. Co., No. 8:19-CV-1618-KKM-JSS, 2021 WL 1751351, at *2 (M.D. Fla. May 4, 2021) (inconvenience of traveling 1,071 miles does not establish good cause and compelling circumstances); Powers v. Target Corp., Case No. 19-cv-60922-BLOOM/Valle, 2020 WL 8970607, at *2 (S.D. Fla. Mar. 9, 2020) (concluding that plaintiff failed to establish good cause under Rule 43(a) where the "explanations submitted to the Court reflect[ed] the entirely foreseeable inconvenience" to the witness of "having to interrupt his busy schedule to attend trial in person" and explaining that the "inconvenience" of paying for a witness's travel and lodging expenses does not constitute the "type of 'good cause' or 'compelling circumstances' that would warrant granting Plaintiff's Motion"); Lamonica v. Safe Hurricane Shutters, Inc., No. 07-61295-CIV, 2011 WL 917726, at *1 (S.D. Fla. Feb. 18, 2011) (concluding that the alleged financial and logistical burdens of attending trial did not constitute "good cause" or "compelling circumstances" under Rule 43, even where the plaintiffs lived outside of the country and would have to travel internationally).

## II.

Plaintiff's second motion requests that plaintiffs be permitted to use "representative testimony at trial." (Doc. #194.) This case arises from a dispute over commissions allegedly owed by defendant to plaintiffs for roofing sales services. There are two remaining claims for each plaintiff in this action - a breach of oral contract, or alternatively, unjust enrichment. The claims assert that each plaintiff is owed a certain amount of unpaid commission for roofing sales services provided to defendant.

In the pending motion, plaintiffs state that 19 of the 25 plaintiffs "sold jobs for Defendant[] as part of one of three teams, under the direction of a team leader." (Doc. #194, ¶ 4.) Plaintiffs argue that having all 19 team-member plaintiffs testify will result in cumulative testimony. (Id. ¶ 8.) Plaintiffs' solution is to have the five non-team member plaintiffs testify to prove their own claims and the team leaders testify "as representatives" to prove the claims of their team members. (Id.)

"The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006)). Oral contracts, such as the contracts in this case, are "subject to the basic requirements of contract law such as offer, acceptance, consideration and sufficient specification of essential terms." St. Joe Corp. v.

McIver, 875 So. 2d 375, 381 (Fla. 2004) (citing W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 302 (Fla. 1st DCA 1999)). "[A] party who asserts an oral contract must prove its existence by a preponderance of the evidence." Id. (citing Batista v. Walter & Bernstein, P.A., 378 So.2d 1321, 1322 (Fla. 3d DCA 1980)).

The problem with plaintiffs' request is that plaintiffs want the team leaders to prove the existence of each team-member's individual contract with defendant. Based on the allegations in the Amended Complaint, the terms of each plaintiffs' oral contracts with defendant differ. (Doc. #30.) There are individualized questions of fact for each plaintiff's remaining claims. And the Court does not see how the team leaders could prove, without violating the rules of evidence, how another plaintiff and defendant assented to a contract to which the team leader was not a party.

Of course, plaintiffs may present their case however they see fit. But, at the end of the trial, to be successful on a claim, that claim must be proven by a preponderance of admissible evidence. Thus, to the extent plaintiffs are requesting that the team leaders be permitted to testify as "representatives" and the team members be relieved of their obligations to prove their claims by a preponderance of the evidence, the motion for representative testimony denied.

7

Accordingly, it is so

**ORDERED**:

1. Plaintiffs' Motion to Conduct Trial Remotely by Zoom, or, Alternatively, to Present Testimony Remotely (Doc. #192) is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiffs' Motion for Use of Representative Testimony at Trial (Doc. #194) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of April, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record